HERBERT R. VALLEE, JR. and CAROLYN R. VALLEE *v.* DEPARTMENT OF REVENUE

Plaintiffs appeared in propria persona.

Alfred B. Thomas, Assistant Attorney General, Salem, represented defendant.

Decision for defendant rendered December 19, 1974.

CARLISLE B. ROBERTS, Judge.

Plaintiffs, husband and wife, appealed from the Department of Revenue's Order No. I-74-7 (dated February 8, 1974), holding that all the plaintiffs' taxable income for the calendar year 1971 was subject to Oregon personal income taxes, pursuant to ORS 316.-027, although the plaintiffs were absent from the state from January 1 to December 3 of the year in question.

ORS 316.027 (1971 Replacement Part) states:

"(1) 'Resident' or 'resident of this state' means:

"(a) An individual who is domiciled in this state unless he (A) maintains no permanent place of abode in this state, and (B) does maintain a permanent place of abode elsewhere, and (C) spends in the aggregate not more than 30 days in the taxable year in this state; or

"(b) An individual who is not domiciled in this state but maintains a permanent place of abode in this state and spends in the aggregate more than 200 days of the taxable year in this state is presumed to be a resident unless he proves that he is in the state only for a temporary or transitory purpose.

"(2) For purposes of paragraph (b) of subsection (1) of this section, a fraction of a calendar day shall be counted as a whole day."

The uncontradicted testimony of Mrs. Carolyn R. Vallee, the only witness to appear on behalf of the plaintiffs, shows that the plaintiffs were Oregon domiciliaries at the time the husband joined the United States Navy in 1967. He was first stationed in San Francisco and then in Florida, and was joined by his wife when he returned to a station in California in 1968. In March of 1970, Mr. Vallee was transferred to Guam by the Navy and Mrs. Vallee returned to Oregon until housing at the husband's naval station in Guam became available in June of 1970. On November 26, 1971, the plaintiffs left Guam, Mr. Vallee being ordered to report to Treasure Island, California, for discharge from naval service. He received his discharge at Treasure Island on December 1, 1971, and, on December 3, 1971, the plaintiffs returned to Oregon. They visited relatives in Oregon for a few days and then went to Nevada briefly to visit other relatives, returning to Medford, Oregon, on December 13, 1971, so that

Mrs. Vallee could accept an offer of employment. On January 3, 1972, they moved into their own home in Medford.

During all the calendar years 1966 through 1968, and 1970 through 1973, the plaintiffs filed Oregon personal income tax returns. (The year 1969 is not in issue here.) Mrs. Vallee testified that the plaintiffs considered themselves as domiciled in Oregon throughout this period. However, during 1971, the plaintiffs regarded themselves as having a "permanent place of abode" in Guam (this phrase being defined by Mrs. Vallee as a place of residence occupied "for more than a month"). They believed they should be taxed by Oregon for the 1971 calendar year only as to that income earned by the plaintiffs on and after December 13, 1971.

They rely upon ORS 316.027(1)(a), *supra.*

The court finds, as did the Department of Revenue, in its Order No. I-74-7, that the taxpayers were domiciled in Oregon during 1971 but maintained no permanent place of abode in this state. (The address of the husband's parents was used by him as his permanent mailing address while in the Navy.) The court also finds that the plaintiffs did not spend more than 30 days, in the aggregate, in the taxable year 1971 in this state.

It is well established as a proposition of law that a state has jurisdiction to tax its domiciliaries upon all their income, no matter where derived. This rule is mitigated in Oregon by the provision that credit may be taken for income taxes on the same income paid in other states. ORS 316.082. However, the plaintiffs

paid no taxes to another state or country upon their 1971 income. (The plaintiff-husband was entitled to deduct from Oregon taxable income not over $3,000 paid him in 1971 for his active service as a member of the Armed Forces, as provided by ORS 316.067(1) (e).)

ORS 316.027 is a relief measure for the Oregon domiciliary who, while retaining his status as such domiciliary, nevertheless, for most purposes, could be recognized as a resident of another jurisdiction. However, to obtain such relief from taxation in Oregon, the individual must "maintain a permanent place of abode elsewhere"; i.e., outside Oregon.

 Without an attempt by the court to define this phrase as it may apply to every factual situation, it is nevertheless patent that "permanent" must relate to an indefinite time. It reflects the concept of "domicile" as a place an individual is free to leave as interest or pleasure may suggest, but as to which he has no present intention of changing. *Mutual Life Insurance Co. v. Hurst,* 174 Md 596, 199 A 822 (1938); *Sullivan v. Detroit, etc., Ry.,* 135 Mich 661, 98 NW 756, 64 LRA 673 (1904). "Permanent" does not mean "perpetual" as to intent, but it must mean much more than the one month which was referred to in the testimony of Mrs. Vallee. *Cf. Roseburg Nat. Bank v. Camp,* 89 Or 67, 78, 173 P 313 (1918).

 The plaintiffs, transferred to Guam under military orders and assigned to quarters provided by the government on the military reservation as a part of the husband's compensation, cannot be considered as having acquired a "permanent place of abode" in 1971. It is self-evident that the plaintiffs could have

had no intention of permanency when their presence on the reservation was in consequence of naval orders and they had no interest or control in the premises.

The defendant's order is affirmed. Each party shall bear its own costs.